AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY 8:26-cv-3150-VMC-AAS

| United States District Court | District, Florida Middle, Tampa |
|---|---|
| Name (under which you were convicted): Darrence White | Docket or Case No.: 8:23-cr-449-VMC-AAS |
| Place of Confinement: F.C.I. Coleman Medium | Prisoner No.: 99570-510 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) Darrence White |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: Middle District Of Florida, Tampa Division

OCT 16 2026 PM2:25
FILED - USDC - FLMD - TPA

(b) Criminal docket or case number (if you know): 8:23-cr-449-VMC-AAS

2. (a) Date of the judgment of conviction (if you know): April 7, 2025
(b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts): Possession w/Intent to Distribute 40 grams or more of a mixture or substance containing Fentanyl and 50 grams or more of Methamphetamine, in violation of 21 U.S.C. 841 (a) (1), 841 (b) (1) (A), and 841 (b) (1) (B).

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
Petitioner Mr. White pled guilty to count two which is the controlled substance related offense!

6. If you went to trial, what kind of trial did you have? (Check one) N/A Jury ☐ Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know): N/A

(c) Result: N/A

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised: N/A

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☑

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☑

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Counsel rendered ineffective assistance of counsel

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Counsel rendered Ineffective for not Filing a Notice of Intent to File Appeal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ms. Anne F. Borghetti deprived petitioner of the opportunity to appeal. Petitioner Mr. Darrence White informed counsel that he want an appeal filed in his criminal matter. Petitioner has attached hereto is a self deposed affidavit attached explaining his wishes to appeal. Counsel acted in a manner that is professionally unreasonable and our constitution frown upon such action. See U.S. Constitution Amendments 5TH and 6TH. Counsel's omissions reflects inattention to the petitioner's wishes. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000). See Affidavit attached.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ms. Anne F. Borghetti rendered ineffective assistance of counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Counsel failed to file a notice of appeal neglecting the petitioner the opportunity to exercise his first appeal as of rights.

**GROUND TWO:** Counsel failed to investigate relevant facts and circumstances leading up to Arrest; Counsel failed to get the blue latex glove inside

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

the shoulder bag tested, as well as the drugs package didn't get tested.

The officer arrested petitioner due to finding a similar blue latex glove in his pocket and also finding one in the shoulder bag where contraban where found inside the glove compartment of the rental car in whi petitioner was a passenger. The same color latex glove also were in th officer's possession as well. It's part of law enforcement or first responder's work equipment. Petitioner attorney failed to investigate th glove. Getting the glove tested would have been the best evidence to exlu a passenger in a rental car. Counsel encouraged a guilty plea instead. See report attach

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue? N/A

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel was ineffective

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Counsel was ineffective

Counsel failed to object to the career offender status where a unanimous jury must determine petitioner's status per U.S. v. Erlinger

**GROUND THREE:** 602 U.S. 821, 144 S.Ct. 1840 (2024) And counsel failed to object to the use of a non violent offense as violent; aggravated assault

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner attorney chose not to object to the violation of his right to have a jury determine his offender status and the counsel allowed the probation officer and the government to utilize its prior conviction as a crime of violence. Had counsel acted in a reasonable time today petitioner will not be a career offender especially after utilizing (2) prior cocaine conviction that is rendered invalid as per U.S. v Miller, 157 F.4th 1365 (11th Cir. 11/06/2025).

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel rendered ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Counsel forbid petitioner from having an appeal as of rights.

**GROUND FOUR:** Ineffective assistance of counsel for failing to object to application of a sentencing enhancement for possession of a dangerous weapon under § 2D1.1(b)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel did not even investigate why U.S. Probation Officer recommends petitioner a (+2) weapons enhancement; however, petitioner was not the renter or owner of the vehicle he was merely a passenger. The Reporting Officer Narrative describes that the wife of the driver of rental car informed officer that the weapons was hers. However the lawyer also failed to interview Ms. Latericka Morris concerning the weapons. The facts does not support enhancement. See U.S. v. Stalling, 463 F.3d 1218, 1220 (11 Cir. 2006) See Reporting Officer Narrative att.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel forbid petitioner from having an appeal as of rights.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Counsel Ineffective.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Petitioner was neglected for seeking an appeal by counsel failing to file a notice of appeal and counsel failed to object to enhancements and failed to investigate critical matters.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [x]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Stephen M. Crawford; 4216 W. Cleveland St.; Tampa, Fl. 33609

(b) At the arraignment and plea:

Same as (A).

(c) At the trial:

(d) At sentencing:

Anne F. Borghetti; 12211 49TH St. N, Suite 1; Clearwater, Fl. 33762

(e) On appeal:

none

(f) In any post-conviction proceeding:

none

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ] No [x]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [x]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [x]

Therefore, movant asks that the Court grant the following relief: find counsel ineffective for failing to subject the prosecution's case to a meaningful adversary testing by not objecting nor investigate or interview viable witnesses or order an evidentiary hearing or appeal

or any other relief to which movant may be entitled.

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ____________________.

(month, date, year)

Executed (signed) on September 18th, (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

STATE OF FLORIDA

COUNTY OF

DARRENCE WHITE, Petitioner

VS NO. 8:23-cr-449-VMC-AAS

UNITED STATES OF AMERICA, Respondent

---

AFFIDAVIT

I, Darrence White, whom domicile in Coleman Medium, being duly sworn, deposes and affirm upon oath:

1. That his then attorney, Ms. Anne F. Borghetti, did not file a "Notice of Appeal" as she stated she will and I, Darrence White, was under impression an appeal was taken; and

2. I, Darrence White, learned that counsel failed to challenge or take viable avenues in challenging my case.

Under penalty of perjury, I hereby declare and affirm that the above-mentioned statement is, to the best of my knowledge, true and correct.

Affiant's Print: Darrence White 99570-510
Affiant's Signature: ______________________

Witness' Print: James Olinde 26524034
Witness Signature: ______________________

Dated September 18th, 2026

**REPORTING OFFICER NARRATIVE**

*Pasco Sheriff's Office*

| Victim | Offense | OCA 23-008650 |
|---|---|---|
| *Society* | *TRAFFIC IN* | Date / Time Reported *Sat 03/11/2023 00:01* |

RELATED CASES: None
STAT DATA: None
BWC ACTIVATED: Yes
SUPPORT DOCUMENTS: (2) Probable Cause Affidavits
ICR: 4 hours x $26 = $104
SAO INVEST: 03/29/2023 @ 0830 hours

On 03/11/2023, at approximately 0001 hours, I was sitting stationary at the intersection of Ridge Road and Sterling Lane, Port Richey, Florida 34668. I was parked in the median with my head lights off, and I was facing east. I observed a dark grey Dodge Charger drive west by my patrol vehicle. As the vehicle passed by I noticed the windows were too dark for me to see through. I was able to see the windows were too dark because of the well lite gas station on the north side of Ridge Road. Shortly after the vehicle passed by I observed the brake lights briefly turn on, even though the vehicle was not speeding.

I conducted a u-turn and proceeded west on Ridge Road behind the vehicle. I was able to catch up to the vehicle as it approached the intersection of Ridge Road and US Highway 19. This intersection is well lit, and I was able to verify my suspicion of the windows being darker than the legal limit. It was at this time I queried Florida tag LCYV49, via FCIC/NCIC, which was attached to the rear of the vehicle. FCIC/NCIC revealed the tag was assigned to a 2021 Toyota UT, not the grey Charger (VIN: 2C3CDXCT2NH240562).

I conducted a traffic on the grey Dodge Charger as it pulled into the Brass Flamingo parking lot, located at 9034 US Highway 19, Port Richey, Florida 34668. I activated my marked Tahoe's lights and blocked the rear of the vehicle as it parked at the east end of the parking lot. Immediately the driver door, the front passenger door, and the left rear door opened. I then observed three adult black males begin to stand from the vehicle. I yelled for all three to close the doors and they were not free to leave. I had to repeat myself multiple times before I observed any of the doors close. I also noticed the right front passenger remained standing in the doorway of the vehicle and leaned over into the passenger compartment. I remained behind the engine compartment of my vehicle with my agency handgun in the sul position in case he decided to stand up with a firearm. After a few moments I observed the door being slammed shut after the male sat down in the front passenger seat.

Upon contact with the occupants of the vehicle, Marcel Morris (Driver), Darrence White (Right Front Passenger), and Tishunz Logan (Left Rear Passenger) I smelled the odor of burnt and fresh cannabis emitting from the open windows. While speaking with Marcel, he advised the vehicle was a rental, therefore I asked for the rental agreement so I could determine why the tag was assigned to a Toyota and not the Dodge they were in. Marcel reached over and opened the glove box at which point Corporal A. Damian advised he observed a handgun. It was then we removed all three subjects from the vehicle and detained them in handcuffs.

I conducted a search of Marcel due to the odor of fresh and burnt cannabis emitting from his clothing. Inside Marcel's left front pocket was a baggie of green leafy substance (21grams). Also inside Marcel's pants pockets was $4,147.51 in cash. An agency field test kit revealed the green leafy substance was presumptive positive cannabis.

Corporal A. Damian conducted a search of Darrence's pant pockets due to the odor of cannabis emitting from his clothing and the vehicle. Corporal A. Damian located less than 20 grams of green leafy substance, constant with cannabis. Corporal A. Damian also located $3,952.41 in cash in Darrence's pants pockets, along with a grey Verizon flip phone (SR# F0192 04062741). Darrence later informed me he had pills in his pants pockets, so I conducted a secondary search, which revealed five and one half pills of Acetaminophen and Oxycodone Hydrochloride (325mg/10mg). Pill Finder revealed these pills are a Schedule 2 controlled substance under the Controlled Substance Act.

# REPORTING OFFICER NARRATIVE

| Pasco Sheriff's Office | | OCA 23-008650 |
|---|---|---|
| Victim: Society | Offense: TRAFFIC IN | Date / Time Reported: Sat 03/11/2023 00:01 |

A hand search of the vehicle revealed the following items:

*Silver FNX-40 semiautomatic handgun (SR # FX2U020523), located in the glove box. The gun was loaded with 14 rounds of 40 caliber ammunition. There was one round in the chamber.
*Black shoulder bag, located inside the glove box. Inside the bag was a large yellow plastic bag. Inside the plastic bag was 186 grams of a crystal substance, consistent with methamphetamine, 90.7 grams of a white powder (separated into three plastic baggies), consistent with fentanyl, and a small baggie with off white rocks, consistent with crack cocaine. It should be noted, also inside the bag next to the methamphetamine and fentanyl, was a blue latex glove that was turned inside out. This is important due to the fact Darrence White had the same style blue latex glove inside his pants pockets. (See Corporal A. Damian and Deputy A. Fettig's supplement reports).
*Black Ghost 9mm semiautomatic handgun, located in the center console. The gun was loaded with 15 rounds of 9mm ammunition. There was one round in the chamber. (located by Deputy J. Zammit).
*Plastic shopping bag, which was located on the rear seat of the vehicle. Inside the plastic bag were multiple times to include an open bag of chips and a baggie containing 47 grams of a green leafy substance. (located by Deputy J. Zammit).

In re: Grand Two

Deputy J. Zammit assisted me with testing the narcotics located in the vehicle. Field test kits revealed the crystal substance was methamphetamine, the white powder was fentanyl, and the off white rocks was cocaine.

CCIS revealed Marcel received a guilty felony conviction on 11/05/2009 for aggravated battery with great bodily harm (Hillsborough Court Case # 2009CF018808000AHC). CCIS revealed Darrence received a guilty conviction on 12/29/2015 for aggravated assault with a deadly weapon (Pasco Court Case # 2015CF008941CFAXWS).

Post Miranda Warnings all three occupants refused to speak with law enforcement.

In re: Grand Four

Laterica Morris arrived at the location for Marcel. Laterica initially advised the gun in the vehicle belong to her. However, Laterica was unable to answer my questions about how she obtained the Ghost gun. I then asked Laterica why she left the gun in the vehicle knowing Marcel is a convicted felon. Laterica claimed she left the gun in the glove box, because she did not know he was going to drive the vehicle. I laughed at Laterica and said it was a nice try lying for Marcel. Laterica laughed back at me and smiled. I then asked Laterica how long Marcel has had the gun and she said close to a year.

Based on the above information I determined there is probable cause to arrest Marcel for felon in possession of a firearm, due to the loaded handgun being found in the center console he was sitting next to, and for possession of cannabis over 20 grams.

Based on the above information I determined there is probable cause to arrest Darrence for trafficking in methamphetamine (186 grams), trafficking in fentanyl (90.7 grams), possession of cannabis under 20 grams, and felon in possession of a firearm, due to Darrence sitting directly in front of the glove compartment, and Darrence having the exact same blue latex glove in his pants pocket that was inside the baggie with the narcotics. Darrence was also arrested for possession of a controlled substance, due to the pills I located in his pocket.

Marcel and Darrence were placed under arrest and transported to the Land O' Lakes Jail. Tishunz was released at the scene.

Deputy J. Zammit assisted me with packaging the evidence.

Marcel was not given a citation for the wrong tag being attached to the vehicle due to the fact the vehicle was a rental vehicle. It appears PV Holding Corporation attached the wrong tag to their rental vehicle. I uploaded a picture of the

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petitioner is entitled to the 90days and add insult to injury petitioner was under the impression an appeal was filed in his behalf. Nearly all defendants has a constitutional right to an appeal. See Evitts v Lucey and Douglas v. California.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.